UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **EDWARD C. HUGLER,** Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 17-cv-00199 |
| **SPS SUPERIOR PROFESSIONAL SERVICES LLC, d/b/a HENDERSON CASTLE,** a Michigan company and **FRANCOIS MOYET** individually, | ) ) ) ) ) | Equitable and legal relief sought |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **SPS SUPERIOR PROFESSIONAL SERVICES, LLC d/b/a HENDERSON CASTLE**, a Michigan company, and **FRANCOIS MOYET,** individually, (hereinafter collectively referred to as "Defendants"), from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C.§ 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owning to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by section 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A)     Defendant, **SPS PROFESSIONAL SERVICES, LLC d/b/a HENDERSON CASTLE ("HENDERSON CASTLE"),** is and, at all times hereinafter mentioned, was a Michigan company with an office and place of business located in Kalamazoo County at 100 Monroe Street, Kalamazoo, Michigan 49006, within the jurisdiction of this Court, and at all times hereinafter mentioned, was engaged in the business of providing hospitality services to the public by operating an inn, restaurant, spa and banquet facility.

(B)     Defendant, **FRANCOIS MOYET,** is and, at all times hereinafter mentioned, was the sole owner and member of Defendant **HENDERSON CASTLE**, and was engaged in business within Michigan at the address identified above in paragraph II(A), and acted directly or indirectly in the interest of **HENDERSON CASTLE** in relation to its employees. **FRANCOIS MOYET**, an employer within the meaning of section 3(d) of the Act, exercises operational control of the inn, restaurant, spa and banquet facility, supervises employees and determines pay practices for Defendant **HENDERSON CASTLE**.

**III**

Defendant, **HENDERSON CASTLE,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

**IV**

Defendant, **HENDERSON CASTLE,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume sales made or business done of not less than $500,000.

V

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act, by paying their employees wages less than $7.25 per hour in workweeks when said employees were engaged in commerce or in the production of goods for commerce, within the meaning of the Act. Defendants' pay practices included requiring prospective employees to work for approximately 20 hours in a one-week period as a "volunteer," prior to being hired by Defendants. During the one-week period, the prospective employees would perform the same duties that they would later perform as employees of Defendants. The duties performed by the prospective employees were related to the commercial activities of the Defendants. The prospective employees were required to complete the "volunteer" week as a condition of employment. The prospective employees were never paid for work performed.

VI

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees, who in workweeks were employed in an enterprise engaged in commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants' pay practices included, but are not limited, to the following:

(1)  misclassifying grounds maintenance workers as independent contractors and

3

failing to pay the overtime premium for hours worked over 40 hours in a workweek,

  (2) failing to pay the overtime premium to certain employees in the positions of administrative employees, bartenders and server and instead paying these employees their regular rate of pay for overtime hours worked without the overtime premium,

  (3) improperly treating cooks as exempt employees and therefore failing to compensate these employees for all hours worked over 40 hours in a workweek and failing to pay one and one-half times the regular rate of pay for all hours worked over 40 hours in a workweek.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11 and 15(a)(5) of the Act in that that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees, including, but not limited to, cooks and "volunteers," and the regular rates at which they were employed.

## VIII

During the period since December 2013, Defendants repeatedly and willfully violated the aforesaid provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE,** cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

    A.    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from prospectively violating the Act; and

    B.    For an Order:

1. pursuant to section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17, enjoining and restraining the Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C § 6621;

    C.    For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Margaret A. Sewell
**MARGARET A. SEWELL**
Senior Trial Attorney
Attorney Bar No.: 6243855 (Illinois)

Attorneys for Plaintiff, **EDWARD C. HUGLER,**
Acting Secretary of Labor,
United States Department of Labor

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL 60604

Telephone: (312) 353-3481
Fax: (312) 353-5698
E-mail:sewell.margaret@dol.gov
Secondary email: SOL-CHI@dol.gov